UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CYNTHIA A. MURRAY,

    Plaintiff,

v.                                                                          Hon. Sally J. Berens

COMMISSIONER OF                           Case No. 1:20-cv-855
SOCIAL SECURITY,

    Defendant.
_____/

**OPINION**

This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claims for Disability Insurance Benefits (DIB) under Title II of the Social Security Act. The parties have agreed to proceed in this Court for all further proceedings, including an order of final judgment.

Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence and in accordance with the law it shall be conclusive. The Commissioner has found that Plaintiff is not disabled within the meaning of the Act. Plaintiff seeks judicial review of this decision.

For the following reasons, the Court will **reverse** the Commissioner's decision and **remand** the matter for further factual findings pursuant to sentence four of 42 U.S.C. § 405(g).

**Standard of Review**

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Servs.*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is

limited to determining whether the Commissioner applied the proper legal standards in making his decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and those findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dept. of Health and Human Servs.*, 964 F.2d 524, 528 (6th Cir. 1992). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and consider whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). This standard affords to the administrative decision maker considerable latitude and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision. *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

**Procedural Posture**

Plaintiff filed an application for DIB on December 1, 2017, alleging that she became disabled as of January 30, 2015, due to the following impairments resulting from an automobile accident: traumatic brain injury (TBI); fractured ribs; skull fracture; chest pain; severe memory

2

issues; mental fatigue; cognitive deficits; brain processing issues; shortness of breath; and post-traumatic stress disorder (PTSD). (PageID.105–06, 174–75.) Plaintiff was age 45 at the time of her alleged onset date. (PageID.105.) She had a post-graduate degree and had past work as an adjunct professor, an administrative coordinator, a clinical therapist, an MRI technologist, and a social worker. (PageID.97–98, 194.) After Plaintiff's application was denied, she requested a hearing before an Administrative Law Judge (ALJ).

ALJ David Read conducted a hearing on March 31, 2019, and received testimony from Plaintiff and David Huntington, an impartial vocational expert. (PageID.41–63.) On June 19, 2019, the ALJ issued a written decision finding that Plaintiff was not disabled from her alleged onset date through the date of the decision. (PageID.86–99.) The Appeals Council denied Plaintiff's request for review on July 9, 2020 (PageID.34–36), making ALJ Read's June 19, 2019 decision the Commissioner's final decision. *See Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 434 (6th Cir. 2007).

Plaintiff initiated this action for judicial review on September 3, 2020.

### Analysis of the ALJ's Opinion

The social security regulations articulate a five-step sequential process for evaluating disability. *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1] If the Commissioner can make a

---

[1]
1. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2. An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3. If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors (20 C.F.R. §§ 404.1520(d), 416.920(d));

3

dispositive finding at any point in the review, no further finding is required. *See* 20 C.F.R. §§ 404.1520(a), 416.920(a). The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining her residual functional capacity. *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and she can satisfy her burden by demonstrating that her impairments are so severe that she is unable to perform her previous work, and cannot, considering her age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy. *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528. While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which her residual functional capacity (RFC) is determined. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997).

After finding that Plaintiff met the insured status requirements under the Act through March 31, 2021, and had not engaged in substantial gainful activity since her alleged onset date, the ALJ found that Plaintiff suffered from the following severe impairments: status-post fractured ribs; left shoulder SLAP tear; neurocognitive disorder due to TBI; PTSD; and unspecified depressive disorder. (PageID.88.) At step three, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals any impairment

---

4. If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5. If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (PageID.89–90.) The ALJ considered listings 1.02 and 11.18 regarding Plaintiff's vision-related impairments and TBI and 12.02 and 12.15 regarding her mental impairments. As for the "paragraph B" criteria, the ALJ found that Plaintiff was moderately limited in the areas of understanding, remembering, or applying information, interacting with others, and concentrating, persisting, or maintaining pace, and mildly limited in the areas of adapting or managing oneself. (*Id.*)

With respect to Plaintiff's RFC, the ALJ determined that she retained the capacity to perform light work as defined in 20 C.F.R. § 404.1567(a), except:

> no climbing of ladders, ropes or scaffolds. There will be no work at unprotected heights. She is limited to SVP-5 or lower work. She can occasionally reach overhead with the left non-dominant arm and frequent reach in other directions with the left non-dominant arm. She is limited to occasional climbing or ramps/stairs, occasional balancing, stooping, kneeling, crouching, and crawling. There will be no production rate work. She can have only occasional interaction with the public. She will be off task less than 10% of the time in a normal workday.

(PageID.90.)

At step four, the ALJ determined that Plaintiff could not perform her past relevant work. (PageID.97–98.) At step five, the ALJ found that an individual of Plaintiff's age, education, work experience, and RFC could perform the occupations of cleaner/housekeeper, marker, and inspector/hand packager, 524,000 of which existed in the national economy. (PageID.98–99.) This represents a significant number of jobs. *See, e.g., Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) ("[s]ix thousand jobs in the United States fits comfortably within what this court and others have deemed 'significant'").

## Discussion

Plaintiff raises several issues pertaining to the ALJ's RFC finding, including that the ALJ's evaluation of the medical/mental opinion evidence was not supported by substantial evidence and

failed to comply with 20 C.F.R. § 404.1520c, the RFC failed to account for all the effects of Plaintiff's established impairments, and the ALJ failed to properly evaluate Plaintiff's subjective symptoms in accordance with 20 C.F.R. § 404.1529(c)(3) and SSR 16-3p. (ECF No. 15 at PageID.992.) Plaintiff's overarching claim of error, however, is that the ALJ failed to consider the entire period at issue in determining whether she met the twelve-month durational requirement for disability at any time during the period. (*Id.* at PageID.1004, 1006, 1008, 1010, 1012–14.) Rather, Plaintiff contends, the ALJ focused his analysis on the improvement Plaintiff had experienced in her symptoms in 2018 and 2019, toward the end of the period, to the exclusion of her symptoms during the 12 to 18 months after her onset date. (*Id.* at PageID.1013–14.)

Plaintiff's claim is unusual in that all of her serious impairments arose from a single incident—a serious automobile accident. (PageID.939.) A claimant whose severe impairments are due to an accident will usually experience disabling symptoms for some period of time after the incident. Generally, although not always, the claimant's symptoms will improve with treatment and normal healing over time. In such cases, the claimant may be awarded benefits for at least a portion of the period under consideration. *See Hinkston v. Comm'r of Soc. Sec.*, No. 1:19-cv-71, 2020 WL 1080415 (S.D. Ohio March. 6, 2020), *report and recommendation adopted*, 2021 WL 3928180 (S.D. Ohio Sept. 2, 2021); *Stewart v. Comm'r of Soc. Sec.*, No. 07-14231, 2008 WL 4279362 (E.D. Mich. Sept. 15, 2008).

In *Schmidt v. Commissioner of Social Security*, No. 08-12378, 2009 WL 3125474 (E.D. Mich. Sept. 25, 2009), the plaintiff was injured in an automobile accident on April 24, 1994, and applied for benefits several years later. The ALJ denied benefits, relying primarily on notes of the plaintiff's treating physician from April 1996, indicating that the plaintiff was able to return to school, work in her mother's bridal shop, and take driver's training. *Id.* at *2. The court remanded

6

the case for further consideration because the ALJ's conclusions based on the April 1996 notes "add[ed] very little-if anything-to the question of whether [the plaintiff] was disabled during the twelve months immediately succeeding her alleged disability onset date (i.e., her car accident in April 1994)." *Id.* Plaintiff claims that the ALJ essentially committed the same error here by relying on medical and opinion evidence from later in the period, to the exclusion of evidence in the initial portion of the period, to support his finding that Plaintiff was not disabled. Defendant disputes this argument, noting that the ALJ considered evidence spanning the entire period from immediately after the accident until shortly before the hearing. (ECF No. 16 at PageID.1029–31.)

The Court agrees with Defendant that the ALJ discussed the evidence from the entire period in his decision, distinguishing this case in some respects from *Schmidt*. Moreover, the ALJ was obviously aware of the 12-month durational requirement. (PageID.44, 86.) However, certain facets of the decision, particularly the ALJ's discussion of the opinion evidence, suggest that, as in *Schmidt*, the ALJ failed to evaluate disability during the initial 12-month period following the alleged onset date, i.e., the date of the accident. Apart from the opinions of the State agency consultants rendered in 2018, the ALJ evaluated three opinions: (1) the December 2016 opinion of Mohammed J. Zafar, M.D., who examined Plaintiff as part of his medical evaluation prior to the application date; (2) the May 2018 opinion of consultative examiner Timothy Strang, Ph.D., who reviewed Plaintiff's mental and neurocognitive symptoms; and (3) the May 2019 opinion of treating provider Christina D. Pareigis, M.D. (PageID.96–97.) Dr. Zafar's opinion was the only opinion reflecting Plaintiff's limitations in the earlier part of the period. The ALJ found the opinion "not persuasive," in part, because Dr. Zafar's physical exam findings did not support his specified physical limitations. (PageID.96.) But the ALJ also found the opinion unpersuasive because "Dr. Zafar supported his findings with one independent examination of the claimant and a review of

7

the available medical records, which was almost three years ago." In the same vein, the ALJ found that "[t]he larger evidence"—meaning the evidence generated through the end of the period—which Dr. Zafar did not review, did not support his limitations. (*Id.*) In particular, the ALJ cited findings or observations from Dr. Pareigis's 2019 examination notes, a May 2018 physical consultative examination by Michael J. Simpson, M.D., Dr. Strang's May 2018 examination report, and "more recent rehab notes" from August 2018 stating that Plaintiff felt well enough to ride her bike more. (PageID.96, 933, 937, 941, 967, 972.) But none of this evidence reflected Plaintiff's physical and mental condition prior to Dr. Zafar's evaluation, which post-dated the accident by almost two years. In addition, although Dr. Zafar listed the prior two years of medical evidence he considered (PageID.976–78), the ALJ did not find that his opinions were unsupported by, or inconsistent with, the evidence preceding the date of his examination. Next, when evaluating Dr. Pareigis's opinion, which was issued more than two years after Dr. Zafar's opinion and more than four years after the alleged onset date, the ALJ focused on "the most recent rehab notes," from 2018 and 2019, "show[ing] significant clavicle and rib pain improvement with multiple reports from the claimant saying she was better," as well as Dr. Strang's May 2018 examination. (PageID.96.) Finally, in discussing Dr. Strang's opinion, the ALJ noted that, at an ophthalmologist visit in February 2017, Plaintiff reported that she could watch tv or read for 45 minutes to an hour. (PageID.96, 618.) But less than a year earlier, in May 2016—more than two years after the onset date—Plaintiff reported that she could read for only about 20 minutes before the letters became jumbled. (PageID.645.)

In sum, while the ALJ found that Plaintiff was not disabled from her alleged onset date through the date of the decision, his decision does not clearly indicate that he considered disability during the initial 12 months following the date of her automobile accident, when her symptoms

8

would likely have been most limiting. Moreover, his citation to later records reflecting improvement at least suggests that her symptoms in the earlier part of the period were more limiting. Although the evidence supporting disability during that time may not be compelling, the Court cannot say that it is not substantial, and it is for the ALJ, not this Court, to make that determination. Therefore, remand is required to allow the ALJ to consider whether Plaintiff was disabled during the first 12 months of the relevant period. In light of this conclusion, the Court finds it unnecessary to address Plaintiff's remaining arguments.

## Conclusion

For the reasons stated above, the Commissioner's decision is **reversed and remanded** for further factual findings consistent with this Opinion pursuant to sentence four of 42 U.S.C. § 405(g).

An order consistent with this opinion will enter.

Dated: March 21, 2022                      /s/ Sally J. Berens  
                                                              SALLY J. BERENS  
                                                              U.S. Magistrate Judge